UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY ALLEN III | CIVIL ACTION |
| VERSUS | NO: 19-12614 |
| SOUTHEAST LOUISIANA VETERANS HEALTH CARE SYSTEM, ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 24)** filed by defendants, the Southeast Louisiana Veterans Health Care System, Shamica Clark, and Gregory B. Baquet. Plaintiff, Johnny Allen III, who filed this action pro se, has not responded to the motion. The motion, noticed for submission on February 19, 2020, is before the Court on the briefs without oral argument.[1]

Plaintiff Johnny Allen III's complaint against Defendants arises out of alleged acts of medical malpractice that occurred on November 25, 2017, when Plaintiff was allegedly misdiagnosed at the urgent care facility. Plaintiff claims that he was released with a diagnosis of bursitis when in fact he had an epidural abscess on his spinal cord. Following emergency treatment a few days after being improvidently released from

---

[1] The Court notes that this is the second time that the plaintiff has failed to respond to a contested motion. Plaintiff did not respond when the moving defendants, along with co-defendant Christopher M. Maulucci, M.D., filed a prior motion to dismiss. (Rec. Doc. 16). That motion was ultimately withdrawn and refiled as the motion to dismiss sub judice. Dr. Maulucci is now represented by separate counsel and has filed his own motion to dismiss, which is scheduled for submission on March 4, 2020. (Rec. Doc. 28).

urgent care, Plaintiff spent 60 days in the hospital. Plaintiff claims permanent physical disabilities as a result of the misdiagnosis.[2] (Rec. Doc. 1, Complaint at 4). Plaintiff filed the instant complaint on September 16, 2019. Plaintiff seeks money damages. The United States has certified that all of the following individual defendants were acting within the scope of their FTCA (Federal Tort Claims Act)-covered employment at the time of the actions alleged in the complaint: Shamica Clark and Gregory B. Baquet. (Rec. Doc. 24-2, Certification). Further, defendant Christopher M. Maulucci, M.D. was acting within the scope of his FTCA-covered employment for any actions alleged in the complaint prior to his resignation from federal employment on September 11, 2017. (*Id.*).

On or about August 29, 2019, Plaintiff filed an administrative complaint with the United States Department of Veterans Affairs because his claims against Defendants are brought under the auspices of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. It is undisputed, however, that Plaintiff filed his complaint in this court *before* the federal agency either actually or constructively denied his claim.

The federal defendants now move to dismiss the complaint for lack of subject matter jurisdiction due to Plaintiff's failure to abide by the procedural requirements of

---

[2] Construing Plaintiff's pro se complaint and the attachments broadly and liberally, Plaintiff is complaining about the misdiagnosis at the VA medical facility on November 25, 2017, the failure to pull his teeth while he remained in the VA hospital during the next 60 days (which Plaintiff believes may have exacerbated an infection in his body), and negligence during emergency surgery conducted on November 28, 2017. As noted in the Government's Certification (Rec. Doc. 24-2), Dr. Maulucci left federal employment on September 11, 2017. Some of the alleged malpractice that underlies the complaint may have occurred prior to that date (the pro se complaint does not foreclose this possibility) and some is clearly alleged to have occurred after that date.

the FTCA. *See* 28 U.S.C. § 2675(a). Specifically, Defendants argue that by filing the complaint before obtaining either an actual or constructive denial on his administrative complaint, Plaintiff has created a jurisdictional defect as to the instant complaint for which dismissal is the appropriate remedy.

In *McNeil v. United States*, the Supreme Court granted certiorari because some circuits were willing to allow a prematurely-filed FTCA action to proceed so long as no substantial progress had taken place in the litigation before the administrative process was exhausted.[3] 508 U.S. 106, 110 (1993). The Supreme Court resolved the conflict in the circuits by holding that the district court had properly dismissed the suit in the case because the plaintiff had filed suit before completion of the administrative process. *Id*. at 112. Citing *McNeil* in an unpublished decision, the Fifth Circuit held that even if a claim becomes exhausted after the complaint is filed, it should nonetheless be dismissed because the court lacked subject matter jurisdiction at the time of filing. *Hinojosa v. United States*, 506 Fed. Appx. 280, 282 (5th Cir. 2013) (unpublished).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 24)** filed by defendants the Southeast Louisiana Veterans Health Care System, Shamica Clark, and Gregory B. Baquet is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction as to these defendants. Further, any claims asserted against defendant Christopher M. Maulucci, M.D. for claims of

---

[3] The Fifth Circuit was not one of the circuits that would have allowed the action to proceed. *See Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). Moreover, the Fifth Circuit rejected the notion that the case could simply be stayed or held in abeyance until exhaustion occurs. *Id*. at 204.

malpractice alleged to have occurred before September 11, 2017 are likewise **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

February 20, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE